IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jomer Hill, #264230, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 2:16-cv-00483-JMC ) ) **ORDER** |
| Warden Larry Cartledge, | ) ) ) |
| Respondent. | ) ) ) |

Petitioner Jomer Hill ("Petitioner"), a state prisoner proceeding pro se, filed this instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial handling. On January 24, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment. (ECF No. 43.) This review considers Petitioner's Objections to the Report and Recommendation ("Objections") filed February 3, 2017. (ECF No. 45.)

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (ECF No. 43.) The court will recite herein only facts pertinent to the analysis of Petitioner's Objections.

Petitioner is presently incarcerated at the Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In September 2005, the Greenville County

1

Grand Jury indicted Petitioner for two counts of murder. (ECF No. 21-7 at 128-129, 131-132.) In May 2006, a jury tried Petitioner on both charges before the Honorable G. Edward Welmaker. (ECF Nos. 21-1, 21-2, 21-3, 21-4, 21-5, 21-6.) The jury found Petitioner guilty of murder on both counts, and Judge Welmaker sentenced Petitioner to fifty years of imprisonment for each conviction to be served concurrently. (ECF No. 21-7 at 130, 133) In February 2009, the South Carolina Court of Appeals affirmed Petitioner's convictions. (ECF No. 21-7.)

On February 16, 2016, Petitioner filed this instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner alleged three grounds for relief: (1) violation of Petitioner's Fourth Amendment rights and statutory rights under S.C. Code Ann. § 17-30-80 (1976) for failure to get an authorized court order; (2) violation of Petitioner's Fifth and Fourteenth Amendment rights to due process and Petitioner's statutory rights under S.C. Code Ann. § 16-9-10(a)(1) (1976) for perjured testimony and the solicitor's knowing use of perjured testimony; and (3) violation of Petitioner's Fifth and Fourteenth Amendment rights to due process because Petitioner alleges that he is actually innocent of the crimes. (See ECF No. 1.)

On June 23, 2016, Respondent Warden Larry Cartledge ("Respondent") filed a Motion for Summary Judgment. (ECF No. 22; see also ECF No. 21.) Afterwards, the Magistrate Judge sent an Order on June 24, 2016, pursuant to Roseboro v. Garrison, 538 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. (ECF No. 23.) On November 10, 2016, Petitioner filed a Response in Opposition to the Motion for Summary Judgment, which he subsequently supplemented. (See ECF Nos. 38, 40.)

On January 24, 2017, the Magistrate Judge issued a Report recommending that Respondent's Motion for Summary Judgment, (ECF No. 22), be granted. (ECF No. 43.) The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a recitation. Thereafter, on February 3, 2017, Petitioner filed his Objections to the Magistrate Judge's Report. (See ECF No. 45). In response, Respondent filed his Reply to Objections to the Report and Recommendation ("Reply") on February 15, 2017. (ECF No. 46.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. See 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155

3

(1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

### III. ANALYSIS

Petitioner timely filed Objections to the Magistrate Judge's Report. (See ECF No. 45.)  In his Objections, Petitioner asserts that he desires to present more documents to the court regarding his actual innocence claim.  Essentially, Petitioner requests the court to appoint a voice identification expert to conduct a "voice analysis" of the individuals in the recording taken by the confidential informant ("CI") in this case. (See ECF No. 45.)  In response, Respondent requests the court to overrule Petitioner's Objections on the following grounds: (1) the Petitioner failed to specifically object to the Magistrate Judge's Report (see ECF No. 46 at 1); (2) Petitioner's request for expert analysis of the CI recording is an untimely request for discovery (See id. at 2–3); (3) Petitioner should have requested this new information during his post-conviction relief hearing; and (4) 28 U.S.C. § 2254(e)(2) forecloses the expansion of the record in this case. (See id. at 3–4.)

Here, in his "Response to Report and Recommendation[1]," which the court acknowledges as Petitioner's timely filed Objections, Petitioner fails to specifically object to the Magistrate Judge's Report. Instead, Petitioner makes a request for discovery and an expansion of the record to allow an expert to analyze the CI recording. (See ECF No. 45.)  This request fails to object to the Magistrate Judge's Report with specificity, thus finding no clear error on the record, this court declines to reject the Magistrate Judge's recommendation to grant Respondent's Motion for Summary Judgment on this ground.

---

[1] To avoid overly stringent application of labeling requirements, federal courts will occasionally "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro v. United States, 540 U.S. 375, 381 (2003).

Next, the court considers whether Petitioner's request for discovery and to expand the record is appropriate at this juncture of the case. Rule 7 of the Rules Governing Section 2254 Cases authorizes a federal habeas court to expand the record to include additional material relevant to the petition. Specifically, Rule 7 provides: "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." Rule 7(b), Rules Governing Section 2254 Cases.

Section 28 U.S.C. 2254(e)(2) sets limits on a petitioner's ability to expand the record in a federal habeas proceeding. Specifically, § 2254(e)(2) provides that if a petitioner has failed to develop the factual basis of a claim in state court, the court shall not hold an evidentiary hearing on the claim unless the claim relies on: "(1) a new rule of constitutional law, made retroactive to cases on collateral review ... that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence." In addition, the petitioner must show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. 2254(e)(2)(B). Furthermore, 2254(e)(2) limits a petitioner's ability to present new evidence through a Rule 7 motion to expand the record to the same extent that it limits the availability of an evidentiary hearing. Runningeagle v. Schriro, C/A No. 98-1903-PHX-PGR, 2007 WL 4200743, at *26 (D. Ariz. Nov. 27, 2007). The United States Supreme Court has noted that § 2254(e)(2) "ensure[s] that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" Cullen v. Pinholster, 563 U.S. 170, 186 (2011) (quoting Williams v. Taylor, 529 U.S. 420, 437 (2000)).

5

Here, Petitioner's request for expert examination and testimony about the CI recording, and thus expansion of the record, must be denied. Petitioner has failed to assert that a "new rule of constitutional law, made retroactive to cases on collateral review" warrants supplemental expert evidence in his case. 28 U.S.C. 2254(e)(2)(A)(i); (See ECF No. 45.) Additionally, Petitioner has failed to assert or show that the expert evidence he seeks could not have been "previously discovered through the exercise of due diligence." 28 U.S.C. 2254(e)(2)(A)(ii). In the South Carolina Court of Appeals opinion in Hill v. State of South Carolina, the court noted that the audio recording was played for the jury while they also reviewed a transcript of the recording and that the record included sufficient independent evidence to support and corroborate Petitioner's statements. (ECF No. 21-15 at 4.) Thus, by virtue of these recordings having been available and presented at trial, Petitioner does not explain what prevented him from seeking out this expert evidence at either his trial, his appeal, or his PCR proceedings.[2] Nonetheless, the court also found that the record included sufficient independent evidence to support and corroborate Petitioner's statements. (ECF No. 21-15 at 10.) Consequently, the court denies Petitioner's request for the expansion of the record for expert examination of the CI recording.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the

---

[2] The court observes that Petitioner may be implying that his trial counsel was ineffective in failing to conduct expert voice analysis of the CI recording. The Supreme Court in Martinez "held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default upon a showing that counsel in the initial-review collateral proceeding was ineffective" but Martinez "does not directly provide the authority for a petitioner to expand the record in order to further develop facts that could have been presented in the state court proceeding." Fielder v. Stevenson, C/A No. 2:12-cv-00412-JMC, 2013 WL 593657, at *4 (D.S.C. Feb. 14, 2013) (citing Martinez v. Ryan, 566 U.S. 1, 13–14 (2012)). Here, Petitioner is attempting to further develop facts related to the identification of the individuals speaking in the CI recording, and therefore, Martinez does not apply.

6

Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 43), and **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 22). Additionally, the court **DENIES** Petitioner's request for expansion of the record for expert evidence.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 6, 2017
Columbia, South Carolina

7